UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TEAMSTERS LOCAL UNION NO. 5**

**v.**

**AGWAY SYSTEMS, INC.**

CIVIL ACTION

No. 14-731-JWD-RLB

*consolidated with*

**LOLLIS**

**v.**

**AGWAY SYSTEMS, INC.**

CIVIL ACTION

No. 15-39-JWD-RLB

## RULING AND ORDER

Before the Court is Defendant Agway System Inc.'s Second Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 23). Plaintiff opposes the Motion. (Doc. 31). Oral argument is not necessary. After careful consideration of the law, facts, and arguments of the parties, the Motion to Dismiss is denied.

### I. Factual Background

#### A. Allegations of the Complaints

Plaintiff alleges that he was wrongfully terminated from employment in January of 2014 on the grounds of insubordination. (Doc. 21, Pg. 2, Doc. 30, Pg. 2). The Plaintiff, Richard Lollis was a truck driver who was employed by Agway Systems, Inc. Mr. Lollis alleges that he had worked for Agway Systems, Inc. for a total of seventeen (17) years of employment, and that during that period he had never been the subject of a reprimand or disciplinary action until he was terminated. (3:15-cv-00039, Doc. 1-1, Pg. 1). As a member of Teamsters Local No. 5 at the time of his discharge, the termination of Lollis fell under the ambit of the Collective Bargaining

1

Agreement between Teamsters and Agway. (3:15-cv-00039, Doc. 1-1, Pg. 1, *see also* Doc. 24-1, Pg. 3). Plaintiff alleges that his termination was "without reason or justification" and in violation of the Collective Bargaining Agreement between the union and Agway. (3:15-cv-00039, Doc. 1-1, Pg. 2)

Plaintiff alleges that Agway has refused to adhere to the Collective Bargaining Agreement (CBA) by refusing to arbitrate the Plaintiff's claim for wrongful discharge. (Doc. 21, Pg. 2). Plaintiff alleges that as a result, he was "forced to bring this action." (*Id.*). Specifically, Plaintiff alleges that this conduct by defendant "amounts to a repudiation of such agreement (the CBA), and the remedial procedures therein." (Doc. 21, Pg. 2). As a result, Plaintiff alleges that this wrongful termination in violation of the applicable CBA entitles him to a judgment reinstating him to his position with Agway, as well as providing him reimbursement for lost wages and damages for emotional injury. (3:15-cv-00039, Doc. 1-1, Pg. 2).

### B. Further Background from the Parties' Briefs

As to the facts that lead up to this lawsuit, after the Plaintiff was terminated from his employment, the parties proceeded according to the grievance procedures and agreed, upon failing to resolve their differences, to proceed to arbitration. (Doc. 24-1, Pg. 4). The parties selected an arbitrator and scheduled a hearing date for August 7, 2014. (Doc. 24-1, Pg. 4-5). Meanwhile, the parties began settlement discussions, which continued until two days before the scheduled arbitration hearing.

At that time, on August 5th, 2014, Agway alleges that a binding settlement agreement was reached, rendering arbitration unnecessary. (Doc. 24-1, Pg. 5). Lollis however, states that no settlement agreement was reached. Further, Lollis alleges that Agway subsequently refused to arbitrate the original grievance, as well as the proposed settlement agreement. (Doc. 31, Pg. 3).

2

Teamsters Local Union No.5 and Richard Lollis separately filed lawsuits against Agway Systems Inc., and these cases have since been consolidated. After Plaintiff filed suit, Defendant brought this Motion to Dismiss against Lollis alleging that he had failed to exhaust his CBA remedies. (Doc. 31, Pg. 2).

## II. Parties' Arguments

Defendant alleges in particular that Plaintiff has failed to plead sufficient facts to show that Plaintiff is entitled to bring his case in court. Defendant argues that Plaintiff has not exhausted his administrative remedies and that federal courts cannot decide Plaintiff's claim unless that has happened. (Doc. 24-1, Pgs. 1-2). Defendant alleges that Plaintiff has failed to show that he is entitled to an exception to the requirement that he exhaust his grievance remedies before filing suit in court and that Plaintiff's allegations to that effect are baseless. Defendant argues that Agway never repudiated the remedial procedures in the CBA and that, as a result, the exception to that effect is inapplicable. (Doc. 24-1, Pgs. 2-3).

Defendant argues that the "real issue" in this lawsuit is "whether the parties reached a binding settlement agreement…" (Doc. 24-1, Pg. 2), and asks the Court to address that issue. (*Id.* at Pgs. 2, 13). However, neither side has provided the Court with the settlement agreement at issue. (*Id.*). Since this is a matter more appropriately addressed through a motion for summary judgment, the Court does not address this issue at this time.

Defendant also contends that allowing Plaintiff's wrongful termination suit to continue would "inappropriately expand the scope of this lawsuit by allowing the parties to litigate…a dispute that is entrusted to the Arbitration Procedure." (*Id., see also* Doc. 32, Pg. 1). Defendant further argues that the dismissal of Plaintiff's lawsuit would not be prejudicial to Plaintiff because Defendant says it will return to arbitration if this Court decides that no settlement

agreement was reached. (Doc. 32, Pgs. 1-2). Defendant reiterates the fact that Plaintiff has failed "to plead any facts on which the 'repudiation' exception could be based, and that this necessitates the dismissal of Plaintiff's suit. (Doc. 24-1, Pg. 3)

Conversely, Plaintiff argues that he has sufficiently alleged facts indicative of repudiation by Agway. (Doc. 21) (*See also* Doc. 31, Pg. 4). Plaintiff contends that "whether a settlement existed between Agway, the Union, and the Plaintiff herein is an 'arbitrable issue' ". (*Id.*). Plaintiff argues that Agway's refusal to submit the "settlement" dispute to arbitration, and thus, its refusal to participate in the grievance procedure, "constitutes a 'rejection' of the CBA on that issue." Plaintiff further states that Agway refused to participate in the grievance procedure in other ways, including not issuing written warnings to the Union or the Plaintiff prior to termination and by failing to "articulate the specific reasons for the Plaintiff's discharge." (Doc. 31, Pg. 7). For those reasons, Plaintiff argues that the repudiation exception is applicable and that the Motion to Dismiss should be denied. (Doc. 31, Pg. 9).

### III. Discussion

#### A. Rule 12(b)(6) standard

In *Johnson v. City of Shelby, Mississippi*, 574 U.S. ___, 135 S.Ct. 346 (2014), the Supreme Court stated that:

> Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a) (2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. See Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, Federal Practice and Procedure, p. 644 (2014 ed.) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement"); 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002) (Rule 8(a) (2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities").

*Id.*, 135 S.Ct. at 346-347.

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added).

Analyzing the above case law, our brother in the Western District stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a) (2), remains that the defendant is given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D.La. Feb. 9, 2011) (citation omitted).

Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit recently summarized the Rule 12(b) (6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

>reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502-03 (citations and internal quotations omitted).

### B. Applicability of the Repudiation Exception

District courts generally lack the authority to decide disputes which fall under the purview of an arbitration clause in a Collective Bargaining Agreement. The Supreme Court has addressed the issue specifically, stating:

>When the parties include an arbitration clause in their collective bargaining agreement, they choose to have disputes concerning constructions of the contract by an arbitrator. Unless the arbitral decision does not "dra[w] its essence from the collective bargaining agreement," a court is bound to enforce the award and is not entitled to review the merits of the contract dispute.

*W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 764 (1983) (citing *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960)

Furthermore, the Fifth Circuit has made clear that "employees may not resort to state tort or contract claims in substitution for their rights under the grievance procedure in a collective bargaining agreement." *Strachan v. Union Oil Co.*, 768 F.2d 703, 704 (5th Cir. 1985). Critical to this rule is the doctrine of exhaustion, namely that an employee must "exhaust" his collective bargaining agreement remedies before he can bring the action to the courts. The Supreme Court has also addressed this issue:

>If the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted. Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement.

*Vaca v. Sipes*, 386 U.S. 171, 184, (1967)

6

However, there are several recognized exceptions to the exhaustion requirement. The only one of these exceptions applicable to this case was discussed by both the Supreme Court in *Vaca* and the Fifth Circuit in *Rabalais v. Dresser Industries, Inc.*, 566 F.2d 518, 519 (5th Cir. 1978). Essentially, this exception is triggered if the employer "repudiates" the collective bargaining agreement's remedial measures laid out in the contract. In such a case, courts have authority to hear the employee's claims even though the employee has not technically "exhausted" his remedies through the administrative process laid out in the collective bargaining agreement. Here, the crux of the dispute between the parties is whether that exception is applicable to this case.

In Plaintiff's Amended Complaint, he states that Agway "has refused to engage in the process of arbitration as required under the Collective Bargaining Agreement and that such conduct by defendant amounts to repudiation of such agreement, and the remedial procedures therein." (Doc. 21, Pg. 2). Although the Fifth Circuit has made clear that refusing to participate in the grievance procedure does not equate to repudiation, such an allegation is "sufficient to put in issue repudiation by the employer." *Rabalais* at 519.

In *Rabalais*, the employer participated in the first three stages of the grievance process. At that point, neither the union nor the employer actually sought arbitration. The plaintiff argued that this amounted to repudiation "because the employer did not consider the claim a proper subject of a grievance." *Id.* at 520. The Fifth Circuit rejected this argument, finding that it confused "repudiation of the grievance procedure" with "a refusal to accept an employee's position with respect to a grievance." *Id.* While this statement does not seem to favor the Plaintiff in this case, it is important to note that *Rabalais* dealt with a motion for summary judgment, not a motion to dismiss. *Id.* at 519. The Court here is not judging the merits of the case, but rather

whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Indeed, in *Rabalais,* the Fifth Circuit found that an allegation that the employer "refused to participate in the grievance procedure…is sufficient to put in issue repudiation by the employer." *Rabalais* at 519. However, when *Rabalais* was decided in 1978, the standard for evaluating a motion to dismiss was whether the complaint provided "fair notice" of plaintiff's claims. *See Conley v. Gibson,* 355 U.S. 41, 47 (1957). Now, the standard under *Twombly* is whether the Plaintiff's claims are "plausible on [their] face", as discussed above. Thus, the Court must evaluate the complaint under *Twombly*'s framework.

In this regard, the Court is guided by two pre-*Twombly* Supreme Court decisions regarding the repudiation exception: *Republic Steel Corp. v. Maddox,* 379 U.S. 650 (1965) and *Vaca v. Sipes,* 386 U.S. 171, 185 (1967). In *Maddox,* the Supreme Court reversed a state court judgment giving severance pay to a fired employee who had made no attempt to utilize a three-step grievance procedure, supplemented by arbitration. *Maddox,* 379 U.S. at 650-651. The Court required employees and unions to utilize the grievance and arbitration procedures they had agreed to via contract prior to filing a judicial suit. *Id.* at 652-653. *Maddox* logically demonstrates that a clear refusal to participate in the grievance procedures on the part of the employee would not qualify as a valid "attempt" to exhaust the grievance procedures.

In *Vaca,* the Supreme Court looked at when an "attempt" by the employee to exhaust the grievance procedure would be deemed sufficient for bringing suit against the employer. There, the Court considered the repudiation exception to apply if the union's refusal to follow the agreed upon grievance and arbitration procedures prevents an employee from fully exhausting those procedures. The Court found this to be so even if the employer "may have done nothing to

prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement." *Vaca*, 386 U.S. at 185.

Although *Vaca* involves slightly different facts, the Court still finds the decision relevant to the instant case. Specifically, in *Vaca*, the union refused to follow the grievance procedure; here, it is the employer who failed to follow the grievance procedure. Nevertheless, *Vaca's* rationale is even more appropriate here when the employer, not the union, is preventing exhaustion, as the grievance procedure was designed to aid the employee in disputes with the employer.[1] The *Vaca* Court made clear that "to leave the employee remediless in such circumstances [(i.e, the prevention of exhaustion)] would, in our opinion, be a great injustice." *Id.* at 185, 186.

Additionally, Defendant relies heavily upon *Robbins v. George W. Prescott Pub. Co.*, 457 F. Supp. 915, 920 (D. Mass. 1978), but this case actually supports Plaintiff's position. In *Robbins*, the district court discussed *Maddox* and *Vaca* and provided the following analysis:

> [T]he employer's exhaustion defense and the employee's contractual obligation to grieve and arbitrate both contemplate a persistent attempt to fully exhaust the available dispute-resolution procedures established by the bargaining agreement. *See* 386 U.S. at 184. The Supreme Court's use of the word "attempt" was directed at those limited instances in which an employee is prevented or obstructed from exhausting grievance and arbitration procedures because of wrongful employer or union conduct. *See id.* at 184-85.

*Robbins,* 457 F. Supp. at 920.

---

[1] Indeed, the *Vaca* court explained:

> An obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts to a repudiation of those contractual procedures. In such a situation (and there may of course be others), the employer is estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action.

*Vaca*, 386 U.S. at 185 (citation omitted).

Here, the Court finds that dismissing Plaintiff's complaint would create the very injustice contemplated by *Vaca*, leaving the employee without a remedy. The parties are agreed that they were following the CBA grievance procedures, at least to the extent that they had selected an arbitrator and scheduled a hearing. Defendant believes that a settlement agreement was reached, which Plaintiff disputes. However, Defendant refused to submit the settlement dispute to the arbitrator, and additionally, refuses to participate in any further arbitration procedures until the settlement dispute is resolved. As such, Plaintiff is being prevented from fully exhausting his claim by Defendant's refusal to follow the agreed upon arbitration procedures.

Defendant refuses to participate in the CBA proceedings until the settlement is resolved, but also refuses to submit the issue of whether a settlement was reached to the arbitrator, leaving Plaintiff with no alternative but to file suit. Now, Defendant seeks its dismissal on the basis that Plaintiff has not fully exhausted his administrative remedies, while Defendant continues to prevent Plaintiff from doing so.

The Court is also guided by *Boone v. Armstrong Cork Co.*, 384 F.2d 285 (5th Cir. 1967). Interpreting *Vaca*, the Fifth Circuit recognized that, "a refusal to abide by contractual terms requiring the processing of a matter through a grievance procedure would be such a repudiation." *Id.* at 289. In *Boone*, the parties had abandoned the grievance procedure before it could start because of a "common misconception of their contractual obligations" about "the availability of the procedure." *Id.* at 290. The *Boone* court held that the case would be remanded to the district court with instructions to suspend further proceedings until the parties had a reasonable opportunity to exhaust the contractual grievance procedure. *Id.* After reviewing the issues involved in the arbitration, the Fifth Circuit concluded:

> Thus, if the grievance procedure settles the matter to [the employee's] satisfaction, that will end the suit. If the union refuses to process [the employee's]

> grievance, or if the union settles the grievance short of arbitration, [the employee] may require judicial inquiry into whether the union has so breached its duty to him of fair representation that the defense of failure to exhaust contractual remedies is not available to the company under Vaca v. Sipes. [(footnote omitted)]. Of course, if the company should refuse to resort to the grievance procedure no defense of failure to exhaust contractual remedies could be successfully asserted and the suit must proceed.

*Boone*, 384 F.2d at 291-92.

Thus, in *Boone*, the Fifth Circuit provides the appropriate standard for determining if a repudiation occurred – whether an employer refused to abide by contractual terms requiring the processing of a matter through a grievance procedure. As a result, while *Boone* is factually distinguishable (here there is no misunderstanding about the availability of the grievance procedure before it takes place), *Boone* remains important for the *Twombly* analysis.

As stated above, *Twombly* requires that "The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added).

Again, the Plaintiff alleges in his Amended Complaint that he was "forced to bring this action because defendant . . . has refused to engage in the process of arbitration as required under the [CBA], and that such conduct by defendant amounts to a repudiation of such agreement, and the remedial procedures therein". (Doc. 21, Pg. 2). The Plaintiff clearly alleges that the Defendant "refused to engage in the process of arbitration" despite the CBA.

This allegation, taken as true, raises a reasonable expectation that discovery will reveal relevant evidence of Plaintiff's claim. As explained in *Boone*, "a refusal to abide by contractual terms requiring the processing of a matter through a grievance procedure would be such a repudiation." 384 F.2d at 289. This is precisely what Plaintiff has alleged. Further, as

demonstrated above, Plaintiff's allegation, if true, would leave him without further remedy, which is exactly the situation *Vaca* sought to avoid.

Based on these findings, the Court holds that the Plaintiff has plausibly stated a claim that Defendant repudiated the CBA agreement by refusing to further participate in the arbitration proceedings. As such, Defendant's Motion to Dismiss is denied.

### C. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Agway System Inc.'s Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 23) is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>November 13, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**